UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO JIMMY CRUZ,<br><br>            Petitioner,<br><br>     v.<br><br>UNKNOWN,<br><br>            Respondent. | No.  2:14-cv-1317-EFB P<br><br><br><br>ORDER |

Petitioner, a state prisoner without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that the petition is second or successive and must therefore be dismissed.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits.  *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1  the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Without an order from
2  the appellate court, the district court is without jurisdiction to consider a second or successive
3  petition.  *See Burton*, 549 U.S. 147.

4        In the present action, petitioner challenges a judgment of conviction entered in the Yolo
5  County Superior Court on November 24, 1997, for arson and making terrorist threats, resulting in
6  a state prison sentence of 125 years to life.  *See* Petition (ECF No. 5) at 1-2.  The court has
7  examined its records, and finds that petitioner challenged the same conviction in an earlier action.
8  In *Cruz v. Pliler*, No. 2:02-cv-0545-FCD-EFB, the court considered petitioner's challenge to this
9  1997 conviction.  *See Cruz,* ECF. No. 31 (magistrate judge's August 5, 2005 findings and
10 recommendations to dismiss petition as untimely); ECF No. 33 (district judge's September 21,
11 2005 order adopting findings and recommendations and dismissing petitioner's application for a
12 writ of habeas corpus as untimely).

13       The earlier filed petition was dismissed as untimely, which constitutes a decision on the
14 merits.  *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("[D]ismissal of a habeas
15 petition as untimely constitutes a disposition on the merits and [ ] a further petition challenging
16 the same conviction [is] 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Murray v.*
17 *Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of habeas petition as time barred "constitutes
18 an adjudication on the merits that renders future petitions under § 2254 challenging the same
19 conviction 'second or successive' petitions under § 2244(b).").

20       Since petitioner challenges the same judgment now that he previously challenged and
21 which was adjudicated on the merits, the petition now pending is second or successive.  Petitioner
22 offers no evidence that the appellate court has authorized this court to consider a second or
23 successive petition.  Since petitioner has not demonstrated that the appellate court has authorized
24 this court to consider a second or successive petition, this action must be dismissed for lack of
25 jurisdiction.  *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001)
26 (per curiam).

27 /////
28 /////

2

Accordingly, it is hereby ORDERED that this action is dismissed for lack of jurisdiction and the court declines to issue a certificate of appealability.

Dated: July 28, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE